THE PEOPLE *ex rel.* JAMES G. MIDDLETON, Plaintiff-Appellee, *v.* NEAL MacDONALD, Warden, *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 79-2261

Opinion filed June 18, 1980.

James J. Doherty, Public Defender, of Chicago (Clifford G. Kosoff and Timothy P. O'Neill, Assistant Public Defenders, of counsel), for appellants.

William J. Scott, Attorney General, of Chicago (Donald B. MacKay and Thomas C. Crooks, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The trial court granted petitioner James Middleton credit on his State sentence for time served in Federal custody on- an unrelated and subsequently imposed Federal sentence. Respondents appeal.

On February 24, 1972, Middleton was found guilty of deviate sexual assault and aggravated battery in the circuit court of Cook County. He was sentenced to concurrent terms of five to 10 years in the Illinois Department of Corrections. Thereafter, on March 14, 1972, Middleton was found guilty of four counts of firearms violations in Federal court and received concurrent sentences of four years on each count. The Federal court specifically ordered that the Federal sentence run concurrently with the five- to 10-year sentence imposed by the Illinois court. Execution of the Federal sentence was stayed by the Federal court pending plaintiff's State court appeal.

On January 30, 1975, the Federal court ordered that the Federal sentence be reduced to three years; on February 11, 1975, the Federal court further reduced the sentence to 18 months. The Federal judge also committed Middleton to the custody of the Attorney General of the United States for incarceration. On February 19, 1975, Middleton began

serving his sentence in a Federal correctional institution in Minnesota. On February 18, 1976, he was transferred to the Federal institution in Chicago, where he remained until his release on March 19, 1976.

On May 17, 1976, this court affirmed Middleton's convictions for deviate sexual assault and aggravated battery. (*People v. Middleton* (1976), 38 Ill. App. 3d 984, 350 N.E.2d 223.) On October 8, 1976, he was committed to the Illinois Department of Corrections.

On June 4, 1979, Middleton filed the present petition for a writ of mandamus praying for an order compelling the Illinois Department of Corrections to credit him with the 13 months he had served in Federal custody. After a hearing, the trial court, on September 18, 1979, ordered that the 13 months which Middleton had spent in Federal custody on the Federal conviction be credited towards the State sentence he was now serving.

Respondents contend that the trial court improperly granted plaintiff credit on his State sentence for time served on a subsequently imposed Federal sentence. We agree with respondents.

■■ ■ When a State sentence precedes a Federal sentence, it is the province of the Federal court to determine, in fixing the subsequent Federal sentence, what weight should be given to the existing Illinois sentence. (*People ex rel. Fleming v. Pate* (1971), 48 Ill. 2d 426, 270 N.E.2d 4, *cert. denied* (1972), 404 U.S. 1020, 30 L. Ed. 2d 669, 92 S. Ct. 691.) Only where the State sentence is imposed after the imposition of the Federal sentence, should the question whether the sentences are to be concurrent or consecutive be determined according to Illinois sentencing law. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4.) Consequently, we believe the trial court erred in ruling that following the Federal sentencing the State of Illinois was required to redetermine the Illinois sentence in light of the Federal sentence. Under such circumstances, the decision whether the sentences should run concurrently is to be made by Federal authorities. See *People v. White* (1978), 69 Ill. App. 3d 830, 387 N.E.2d 728.

By Federal statute, a person convicted of a Federal offense is committed to the custody of the Attorney General of the United States, who designates where the sentence will be served. (18 U.S.C. §4082.) A provision for concurrent service in a sentence is, in effect, a designation by the court of the place of confinement, a matter exclusively within the discretion of the Attorney General. (*Hamilton v. Salter* (4th Cir. 1966), 361 F.2d 579.) Thus, any recommendation by the district court judge that a Federal sentence run concurrently with a State sentence is mere surplusage in the sentence and may be disregarded by the Attorney General of the United States. (*United States v. Janiec* (3d Cir. 1974), 505 F.2d 983, *cert. denied* (1975), 420 U.S. 948, 43 L. Ed. 2d 427, 95 S. Ct. 1332; *Hash v. Henderson* (8th Cir. 1967), 385 F.2d 475.) If the Attorney

General accepts the trial court's recommendaton that a Federal sentence be served concurrently with a prior State sentence, he will effectuate that recommendation by designating the State penal institution as the place of confinement for the Federal sentence. (*United States v. Janiec.*) Thus, we see the authority as to such decisions rests with the Attorney General of the United States, and the Federal trial court's authority is limited to making recommendations in such instances.

In the present case, the Attorney General of the United States, for whatever reason, chose not to comply with the Federal court's recommendation that the Federal sentence run concurrently with the earlier imposed Illinois sentence. Yet, in granting mandamus, the Illinois court has ordered the Illinois Department of Corrections to enforce the recommendation of the Federal court. Under the circumstances of this case, any decision regarding the Federal sentence properly was for the Federal authorities to determine. It was improper and beyond the authority of the Illinois court to redetermine Middleton's Illinois sentence in light of the Federal court's recommendation.

For the reasons stated, the judgment of the circuit court of Cook County ordering respondents to grant Middleton credit on his State sentence for time spent in Federal custody is reversed.

Judgment reversed.

McGILLICUDDY, P. J., and RIZZI, J., concur.