THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
VIRGIL BAINTER, Defendant-Appellant.

Fifth District   No. 5—85—0733

Opinion filed April 30, 1987.

KARNS, P.J., dissenting.

Randy E. Blue and Lori J. Lanciani, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Kim G. Noffke, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

The defendant, Virgil Bainter, appeals from an order of the circuit court of St. Clair County denying his motion for an order that would have modified his previously imposed State court sentence by providing that it be served concurrently with another sentence subsequently imposed in a Federal court. Defendant's motion was based upon sec-

tion 5—8—4(a) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(a)). We find that certain portions of the foregoing statute constitute an impermissible attempt by the legislature to revest the circuit court with jurisdiction to modify a sentence after the court has lost jurisdiction by entry of its judgment in the case and hold that the circuit court properly denied defendant's motion.

Section 5—8—4(a) is concerned with concurrent and consecutive terms of imprisonment. It provides:

"Concurrent and Consecutive Terms of Imprisonment. (a) When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another state, or for a sentence imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court. When a term of imprisonment is imposed on a defendant by an Illinois circuit court and the defendant is subsequently sentenced to a term of imprisonment by another state or by a district court of the United States, the Illinois circuit court which imposed the sentence may order that the Illinois sentence be made concurrent with the sentence imposed by the other state or district court of the United States. The defendant must apply to the circuit court within 30 days after the defendant's sentence imposed by the other state or district of the United States is finalized. The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, in which event the court may enter sentences to run consecutively. Sentences shall run concurrently unless otherwise specified by the court." Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(a).

The facts disclose that on March 22, 1983, in the circuit of St. Clair County, defendant pleaded guilty to armed robbery and was sentenced to 15 years' imprisonment. Thereafter, defendant pleaded guilty to transferring a firearm in interstate commerce without paying a transfer tax in violation of 28 U.S.C. sec. 5861(e) and was sentenced to 10 years' imprisonment, which the United States District Court ordered to be served consecutively to the 15-year sentence imposed in the circuit court. On June 18, 1984, defendant's Federal con-

viction and sentence were affirmed by the United States Circuit Court of Appeals. On July 16, 1984, defendant filed his "Motion for Modification of Sentence" in the circuit court of St. Clair County. On October 21, 1985, a hearing on the motion was conducted. The court denied the motion stating:

> "The statute provides that this Court may order concurrent sentences. It is obviously discretionary with the Court whether that should be done. It appears of record that the federal judge intended that the sentence should be consecutive. It would be inappropriate for this court not to extend comity to the Federal Court Order."

Defendant contends that section 5—8—4(a) of the Code confers upon the trial court the discretion to make his State-imposed sentence run concurrently with a subsequently imposed Federal court sentence and argues that the conferred discretion was not exercised in this case. The State contends that the defendant's petition was not timely since it was filed more than 30 days after sentence was imposed by the Federal district court. The defendant counters that by use of the word "finalized" (in our opinion, a very nebulous term as used in this statute) in section 5—8—4(a), the legislature indicated an intent that the defendant would have 30 days from the date the Federal court conviction and sentence were affirmed by the Circuit Court of Appeals or other court of review in which to file his petition.

■ We believe that the arguments of both the defendant and the State are somewhat misdirected in that they appear to assume that our legislature would have the power to revest the circuit court with jurisdiction to change the nature and extent of the sentence originally imposed long after the court had lost its jurisdiction over the case. We believe such an assumption to be misplaced since we view as an unconstitutional violation of the separation of powers doctrine that portion of section 5—8—4(a) of the Code that provides:

> "When a term of imprisonment is imposed on a defendant by an Illinois circuit court and the defendant is subsequently sentenced to a term of imprisonment by another state or by a district court of the United States, the Illinois circuit court which imposed the sentence may order that the Illinois sentence be made concurrent with the sentence imposed by the other state or district court of the United States."

See *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501; *People v. Easley* (1987), 152 Ill. App. 3d 839.

The case of *People ex rel. Middleton v. MacDonald* (1980), 85 Ill. App. 3d 982, 407 N.E.2d 775, holds that section 5—8—4(a) is inappli-

cable where the State sentence is imposed *first. Middleton* states:

"When a State sentence precedes a Federal sentence, it is the province of the Federal court to determine, in fixing the subsequent Federal sentence, what weight should be given to the existing Illinois sentence. (*People ex rel. Fleming v. Pate* (1971), 48 Ill. 2d 426, 270 N.E.2d 4, *cert. denied* (1972), 404 U.S. 1020, 30 L. Ed. 2d 669, 92 S. Ct. 691.) Only where the State sentence is imposed after the imposition of the Federal sentence, should the question whether the sentences are to be concurrent or consecutive be determined according to Illinois sentencing law. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4.)" (85 Ill. App. 3d 982, 984, 407 N.E.2d 775, 776.)

Yet, the authority purportedly conferred by the second sentence of section 5—8—4(a) is squarely contrary to this pronouncement in the *Middleton* case in that it expressly authorizes a circuit court to consider making an Illinois sentence consecutive or concurrent to a sentence subsequently imposed in a Federal or other State court.

■ Although the *Middleton* court held that only when a sentence in the State court is imposed after a Federal court sentence can the question of concurrent or consecutive sentences be considered, it did not explain why it decided contrary to the plain wording of the statutory provision. We agree with the court in *Middleton* that the discretion to consider whether a State sentence is to be served concurrently or consecutively to a sentence imposed in a Federal or other State court can be exercised only when the sentence imposed by the Illinois circuit court is imposed subsequent to the sentence of the Federal or other State court. However, we expand upon the decision in the *Middleton* case by giving our reason for such conclusion. That reason is that the second sentence of section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(a)), which we have quoted above, is an unconstitutional attempt by the legislature to revest jurisdiction in the circuit court for further consideration of issues in a criminal case after the case has already been finally concluded.

■ Article VI, section 1, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, sec. 1) vests the judicial power in a supreme court, an appellate court and circuit courts. Article VI, section 9 (Ill. Rev. Stat. 1970, art. VI, sec. 9) of the Constitution confers upon circuit courts original jurisdiction of all justiciable matters, with certain stated exceptions that are of no concern here. Judicial power is not defined in the Constitution, but it is recognized that all such power is exclusively and exhaustively granted to the courts. (*People v. Davis*

(1982), 93 Ill. 2d 155, 442 N.E.2d 855; *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602.) While it is a settled rule of law that the legislature has the authority to set the nature and extent of penalties (*People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 416 N.E.2d 259), it is nevertheless indisputable that the power to impose a sentence is exclusively a function of the judiciary (*People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855).

It is provided in section 111—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 111—1) that a criminal prosecution is commenced by an indictment, an information, or a complaint. Once invoked in the prescribed manner, the jurisdiction of a circuit court in a criminal case continues until the case is concluded by the judgment of the court. Pursuant to section 102—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 102—14), "judgment" is an adjudication by the court that a defendant is guilty or not guilty, and, if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court. *Cf. In re J.N.* (1982), 91 Ill. 2d 122, 435 N.E.2d 473; *People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283.

Following a judgment of conviction and sentence, the circuit court retains jurisdiction of the case for 30 days for consideration of any post-trial motions filed pursuant to sections 116—1 and 2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, pars. 116—1, 116—2). The 30-day retention-of-jurisdiction rule was explained in *People ex rel. Carey v. Collins* (1980), 81 Ill. 2d 118, 122-23, 405 N.E.2d 774, 777:

"The 30-day period within which a trial court may modify a sentence is the modern-day adaptation of the common law rule that a trial court retained power over a judgment during the term at which it was entered. (*People v. Lance* (1962), 25 Ill. 2d 455, 456[, 185 N.E.2d 221]; *People ex rel. Lucey v. Turney* (1916), 273 Ill. 546, 553[, 113 N.E.2d 105]; *cf. People v. Heil* (1978), 71 Ill. 2d 458, 461, 376 N.E.2d 1002; *People v. Green* (1975), 34 Ill. App. 3d 153, 156[, 340 N.E.2d 58].) A 30-day period is also prescribed for the filing of a motion for a new trial or a motion in arrest of judgment (Ill. Rev. Stat. 1977, ch. 38, pars. 116—1, 116—2). After the expiration of that period the circuit court loses power to grant such a motion (*People v. Rudecki* (1923), 309 Ill. 125[, 240 N.E.2d 832]), and the respondent concedes, as he must, that the taking of an appeal would not allow such a motion to be considered after an affirmance by the appellate court."

The 30-day rule is also invoked by section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(c)), where it provides:

"The trial court may reduce or modify a sentence, but shall not increase the length thereof by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose."

■■ ■ Statutory provisions for petitions for post-judgment relief after 30 days from judgment pursuant to section 2—1401 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par 1—2401) and by post-conviction petition procedure provided by section 122—1 *et seq.* of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*) do not represent a deviation from the rule that a circuit court loses jurisdiction of a case 30 days after judgment. The reason is that proceedings under those statutes constitute new cases, not a continuation or resumption of the original case. (See *People v. Morris* (1977), 47 Ill. App. 3d 732, 365 N.E.2d 424, as to a petition for post-conviction relief and section 2—1401(b) of the Civil Practice Law as to a petition for post-judgment relief.) We would also note that a disposition of supervision as authorized by sections 5—6—1 and 5—6—3.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—6—1, 1005—6—3.1) does not represent a deviation from the 30-day rule since in the instance of supervision a judgment of conviction is not entered. Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—3.1(d); *People v. Bushnell* (1984), 101 Ill. 2d 261, 461 N.E.2d 980.

■ A defendant may, of course, elect to appeal the judgment of conviction and sentence as provided by article VI, sections 4(b) and 6 of the Constitution and implemented by Supreme Court Rule 602 (87 Ill. 2d R. 602). Acting pursuant to the powers conferred by Supreme Court Rule 615(b) (87 Ill. 2d R. 615(b)), the reviewing court may remand the case to the circuit court for further proceedings, thus revesting the circuit court with jurisdiction of the case insofar as may be necessary for compliance with the mandate of the reviewing court as provided by Supreme Court Rule 613 (87 Ill. 2d R. 613). The following of the process of an appeal does not, of course, represent any kind of deviation from the rule that a circuit court loses jurisdiction of a case 30 days after its final conclusion by a judgment.

■ As we have discussed above, once the circuit court has entered its judgment of conviction and sentence and the 30-day period for reconsideration has expired, the circuit court loses jurisdiction for further consideration of the case in any of its aspects. *People ex rel. Carey v. Rosin* (1979), 75 Ill. 2d 151, 387 N.E.2d 692; *People v. Heil*

(1978), 71 Ill. 2d 458, 376 N.E.2d 1002.

With the foregoing review of the source and duration of the jurisdiction of the circuit court in a criminal case as a background, it becomes appropriate to ask by what authority does the legislature revest a circuit court with jurisdiction it has lost by a complete adjudication of a case to its final disposition? We believe the patently plain answer to be that the legislature has no such authority. We are guided by this succinct language from *People v. Davis* (1982), 93 Ill. 2d 155, 161, 442 N.E.2d 855, 857-58:

> "Article II, section 1, of the Illinois Constitution of 1970 provides: 'The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another.' The General Assembly has the power to enact laws governing judicial practice only where they do not unduly infringe upon the inherent powers of the judiciary. (*Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 59[, 389 N.E.2d 1170]; *People v. Callopy* (1934), 358 Ill. 11, 192 N.E.2d 634.) Furthermore, it is the undisputed duty of the court to protect its judicial powers from encroachment by legislative enactments, and thus preserve an independent judicial department. *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 149[, 105 N.E.2d 713]."

In view of this language, and the principles it invokes, we feel compelled to hold that the legislature cannot create a procedure whereby a case is brought back from its final disposition by a circuit court for further consideration and yet another disposition. Insofar as the offending sentence of section 5—8—4(a) of the Code seeks to revest the circuit court with jurisdiction to reconsider its sentence in the light of a subsequent conviction and sentence in a Federal or other State court, it is tantamount to a remandment by the legislature, whereas the sole power of remand is placed by law with our courts of review. If the legislature can intrude into the jurisdiction of our courts in the manner of the second sentence of section 5—8—4(a), then courts would never be able to bring litigation to a conclusion.

As the statute in question did not confer the authority on the circuit court to reconsider defendant's sentence, the court correctly refused to modify the sentence. Therefore, the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH, J., concurs.

PRESIDING JUSTICE KARNS, dissenting:

Section 5—8—4(a) of the Code confers discretion upon the trial court to modify the sentence previously imposed. Here the trial court exercising its discretion declined to do so. The constitutional question addressed by the majority was not brought into play and need not be reached and should not be reached, particularly here where the constitutional question was not briefed or argued by the parties but was raised by the court on its own motion.

Furthermore, the majority broadly assumes without citation of convincing authority that the General Assembly has no power to revest the circuit court with jurisdiction to reconsider a sentence imposed for violation of the criminal law. The majority acknowledges that the settled rule of law is that the General Assembly has the power to establish penalties for crimes. Here it has done so. (*Morrow v. Dixon* (1985), 108 Ill. 2d 223, 483 N.E.2d 876.) This is not a legislative attempt to infringe upon the inherent powers of the judiciary in matters of practice (see *People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855; *cf. People v. Williams* (1977), 66 Ill. 2d 179, 361 N.E.2d 1110) or rules of procedure (see *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541). It is the proper exercise of the legislative power to fix penalties for crimes.