(No. 65362.—

(No. 65953.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. VIRGIL BAINTER, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MELVIN THOMAS, Appellant.

*Opinion filed January 18, 1989.*

295

CALVO, J., took no part.

Daniel M. Kirwan, Deputy Defender, of Mt. Vernon, and Lori J. Lanciani, Assistant Defender, of Springfield, both of the Office of the State Appellate Defender, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Terence M. Madsen and Arleen C. Anderson, Assistant Attorneys General, of Chicago, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Mark D. Fisher, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Terence M.

Madsen and Arleen C. Anderson, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

In these consolidated appeals we must determine whether sections 5—8—1(f) and 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—1(f), 1005—8—4(a)) are in violation of the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, §1) as an impermissible attempt by the legislature to revest the circuit courts with jurisdiction over final judgments in criminal cases.

In cause No. 65362 the defendant, Virgil Bainter, was charged in the circuit court of St. Clair County with armed robbery. On March 22, 1983, Bainter pleaded guilty to that offense and was sentenced to a term of 15 years' imprisonment. In June 1983 Bainter pleaded guilty in the United States District Court for the Southern District of Illinois to a charge of transferring a firearm in interstate commerce without paying a transfer tax. The Federal district judge sentenced Bainter to a term of 10 years' imprisonment and ordered that the sentence run consecutively to the sentence for Bainter's earlier conviction in St. Clair County. On June 18, 1984, the United States Court of Appeals for the Seventh Circuit affirmed Bainter's conviction and sentence.

On July 16, 1984, Bainter filed a motion in the circuit court of St. Clair County for modification of sentence pursuant to section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4(a)). In the motion Bainter requested that the sentence previously imposed for his conviction in St. Clair County be modified to run concurrently with his Federal sentence. Apparently no action was taken on the initial motion, and Bainter filed a second, similar, motion on June

3, 1985, again requesting that the State sentence be modified to run concurrently with the Federal sentence. At a hearing on October 21, 1985, the circuit judge denied Bainter's motions for modification of sentence. The judge stated, "It appears of record that the Federal judge intended that the sentences should be consecutive. It would be inappropriate for this court not to extend comity to the Federal court order. Defendant's requested relief is denied."

Bainter appealed the circuit judge's decision, arguing that the judge had simply adopted the Federal district court's decision without exercising his own discretion. The State argued in support of the ruling but also contended that the motions were untimely under the statute because they had not been made within 30 days of the "finalization" of the Federal judgment. The appellate court did not reach either of those questions, however, choosing on its own motion to dispose of the case on a different ground. The appellate court ruled that the portion of section 5—8—4(a) permitting a defendant to seek modification of a sentence previously imposed by a court of this State was an unconstitutional attempt by the legislature to revest the circuit courts with jurisdiction over final judgments. (154 Ill. App. 3d 1026, 1033.) We allowed Bainter's petition for leave to appeal as a matter of right. See 107 Ill. 2d R. 317.

In cause No. 65953 the defendant, Melvin Thomas, was charged in the circuit court of Knox County with burglary and theft. Thomas pleaded guilty to the offenses on December 30, 1976, and on January 20, 1977, he was sentenced to a three-year term of probation. On June 6, 1977, Thomas' probation was revoked, and he was sentenced to an indeterminate term of two to six years' imprisonment. Thomas escaped from custody in March 1978, and upon his apprehension charges were brought against him in the United States District Court

for the Central District of Illinois and in the circuit courts of Fulton and Peoria Counties.

Thomas subsequently pleaded guilty to Federal charges of kidnapping and transportation of a stolen vehicle. On August 17, 1978, the Federal district judge sentenced Thomas to concurrent terms of 15 and 5 years' imprisonment. The sentences were to be served concurrently with any previously imposed State sentence. Also on August 17, 1978, the defendant pleaded guilty in the circuit court of Fulton County to a charge of rape and was sentenced to a term of 10 years' imprisonment, to be served concurrently with both the Federal sentences imposed that day and the previously imposed State sentences.

On October 25, 1978, Thomas pleaded guilty in the circuit court of Peoria County to charges of aggravated kidnapping and escape. On November 1, 1978, the circuit judge sentenced Thomas to a term of 10 years' imprisonment on the kidnapping conviction, to be served concurrently with the Federal sentences, the sentence imposed in Fulton County, and any other sentence previously imposed in Illinois. The circuit judge also sentenced Thomas to a term of six years' imprisonment, to be served concurrently with the Federal sentence and the Fulton County sentence, but consecutively to any other sentence previously imposed in Illinois. At the same time, the two Peoria County sentences were to be concurrent with each other.

On January 30, 1987, Thomas was released from Federal custody and was remitted to the custody of the Department of Corrections; there, he was to serve the time remaining on the sentences imposed in Knox County in 1977 for burglary and theft and the sentence imposed in Peoria County in 1978 for escape. Within 30 days of his release from Federal custody, Thomas filed a motion for appointment of counsel and an affidavit *in forma*

*pauperis,* stating his intention to petition for credit against his Knox County sentences. The public defender was appointed to represent Thomas, and counsel later filed a request pursuant to section 5—8—1(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(f)) asking that the defendant's Knox County sentences be commuted to time served in Federal custody.

Following a hearing, the circuit judge entered an order on September 29, 1987, denying Thomas' motion. The circuit judge ruled that under the appellate court's decision in *People v. Bainter,* 154 Ill. App. 3d 1026, he had no authority to modify or commute the sentence previously imposed on Thomas on June 6, 1977, in Knox County. The judge further ruled that section 5—8—1(f) was unconstitutional, again relying on the appellate court's opinion in *Bainter.* Because the statute had been found invalid, Thomas' appeal lay directly to this court under our Rule 603 (107 Ill. 2d R. 603). We consolidated his appeal with defendant Bainter's.

Section 5—8—4(a) of the Unified Code of Corrections provides, in pertinent part:

> "When a term of imprisonment is imposed on a defendant by an Illinois circuit court and the defendant is subsequently sentenced to a term of imprisonment by another state or by a district court of the United States, the Illinois circuit court which imposed the sentence may order that the Illinois sentence be made concurrent with the sentence imposed by the other state or district court of the United States. The defendant must apply to the circuit court within 30 days after the defendant's sentence imposed by the other state or district of the United States is finalized." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(a).)

Section 5—8—1(f) of the Unified Code of Corrections provides, in pertinent part:

"A defendant who has a previous and unexpired sentence of imprisonment imposed by an Illinois circuit court for a crime in this State and who is subsequently sentenced to a term of imprisonment by another state or by any district court of the United States and who has served a term of imprisonment imposed by the other state or district court of the United States, and must return to serve the unexpired prior sentence imposed by the Illinois Circuit Court may apply to the court which imposed sentence to have his sentence reduced.

The circuit court may order that any time served on the sentence imposed by the other state or district court of the United States be credited on his Illinois sentence. Such application for reduction of a sentence under this subsection (f) shall be made within 30 days after the defendant has completed the sentence imposed by the other state or district court of the United States." Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(f).

Defendants Bainter and Thomas argue that sections 5—8—4(a) and 5—8—1(f) of the Unified Code of Corrections are constitutional. The State joins in the defendants' arguments. Although no party to the present actions argues in support of the lower courts' decisions invalidating the two provisions, it would not be appropriate to reverse the judgments on that ground alone. Therefore, we shall first examine the reasoning employed by the appellate court in *Bainter* in holding a portion of section 5—8—4(a) unconstitutional. We shall then consider section 5—8—1(f), which the circuit court of Knox County invalidated on the strength of the appellate court's opinion in *Bainter*.

In *Bainter* the appellate court held that the provision in section 5—8—4(a) authorizing a circuit court, following imposition of sentence in another jurisdiction, to modify a sentence previously imposed in this State was an unconstitutional attempt by the legislature to revest the circuit courts with jurisdiction over final judgments.

*Bainter* began by noting—erroneously, as we shall demonstrate—that the provision had been called into question by an earlier appellate court decision, *People ex rel. Middleton v. MacDonald* (1980), 85 Ill. App. 3d 982. *Bainter* next surveyed the nature of circuit court jurisdiction in criminal cases. The appellate court observed that jurisdiction over a criminal matter in the circuit court continues until the rendition of judgment. Following a judgment of conviction and imposition of sentence, the circuit court may modify or reduce a sentence within 30 days of its imposition. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(c); see *People ex rel. Carey v. Collins* (1980), 81 Ill. 2d 118.) The appellate court in *Bainter* also noted that, upon a defendant's appeal from a final judgment in a criminal case, a reviewing court may revest the circuit court with jurisdiction by remanding the matter for further proceedings. Finally, *Bainter* referred to our statement in *People v. Davis* (1982), 93 Ill. 2d 155, 161, that this court must protect judicial powers from legislation, invalid under the separation of powers clause, that unduly infringes upon the inherent powers of the judiciary. *Bainter* concluded:

> "In view of this language, and the principles it invokes, we feel compelled to hold that the legislature cannot create a procedure whereby a case is brought back from its final disposition by a circuit court for further consideration and yet another disposition. Insofar as the offending sentence of section 5—8—4(a) of the Code seeks to revest the circuit court with jurisdiction to reconsider its sentence in the light of a subsequent conviction and sentence in a Federal or other State court, it is tantamount to a remandment by the legislature, whereas the sole power of remand is placed by law with our courts of review. If the legislature can intrude into the jurisdiction of our courts in the manner of the second sentence of section 5—8—4(a), then courts would never be able to bring litigation to a conclusion." 154 Ill. App. 3d at 1033.

We observe, as an initial matter, that the *Bainter* court's reliance on *People ex rel. Middleton v. Mac-Donald* (1980), 85 Ill. App. 3d 982, is misplaced. *Bainter* cited *Middleton* in support of the view that under section 5—8—4(a) of the Unified Code of Corrections the decision whether a later sentence should be concurrent or consecutive to a sentence previously imposed in a different jurisdiction belongs to the court rendering the later sentence. Discussing section 5—8—4(a), *Middleton* stated, "When a State sentence precedes a Federal sentence, it is the province of the Federal court to determine, in fixing the subsequent Federal sentence, what weight should be given to the existing Illinois sentence. [Citation.] Only where the State sentence is imposed after the imposition of the Federal sentence, should the question whether the sentences are to be concurrent or consecutive be determined according to Illinois sentencing law." (85 Ill. App. 3d at 984.) The version of section 5—8—4(a) in effect when *Middleton* was decided, however, did not include the provision at issue here. (See Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(a).) It was not until after the decision in *Middleton* that the statute took its current form, having been amended by Public Act 82—717, effective July 1, 1982, to allow the circuit court to modify a previously imposed Illinois sentence in light of a sentence subsequently imposed in another jurisdiction. (See Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(a).) Thus, *Middleton* offers no support for the appellate court's decision in *Bainter*.

The separation of powers clause of the Illinois Constitution provides, "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, §1.) The Constitution does not specifically delineate which powers are legislative, which are executive, and

which are judicial. We have construed the concept of judicial power as including the adjudication and application of law (*People v. Joseph* (1986), 113 Ill. 2d 36, 41) and the procedural administration of the courts (*People v. Walker* (1988), 119 Ill. 2d 465, 474). The legislature, in turn, is vested with the power to enact laws. The legislature may not, however, enact laws that unduly infringe upon the inherent powers of the judiciary. *Walker*, 119 Ill. 2d at 474.

Although the separation of powers provision clearly distinguishes each of the three branches of State government, it is not designed to achieve a complete divorce among them. (*Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 58.) Inevitably, there will be areas in which the separate spheres of governmental authority overlap, and in which certain functions are shared. (*County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 208.) Consistent with that principle, this court has upheld legislative enactments pertaining to judicial practice that do not unduly encroach upon inherent judicial powers or conflict with any of our rules. *Walker*, 119 Ill. 2d at 475.

In determining that section 5—8—4(a) infringed upon judicial authority, the appellate court in *Bainter* apparently took the view that the 30-day period following final judgment, in which the circuit court retains jurisdiction to modify or reduce a sentence, was a constitutional mandate that could not be altered by legislation. As the appellate court was aware, the rule is now expressed by statute (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(c)), and the appellate court must have assumed that the statute was not itself the source of the 30-day rule but instead simply reflected a preexisting scheme that the legislature was powerless to change. The rule enjoys no such status. As this court has previously noted, in a passage quoted by the appellate court in *Bainter*, "The 30-day period within which a trial court may modify a

sentence is the modern-day adaptation of the common law rule that a trial court retained power over a judgment during the term at which it was entered." (*People ex rel. Carey v. Collins* (1980), 81 Ill. 2d 118, 122-23.) This statement suggests, of course, that the 30-day rule is not a constitutional mandate and, as a rule of the common law, is susceptible to amendment by the legislature. In *People v. Crete* (1986), 113 Ill. 2d 156, we held that the circuit court must rule on a defendant's motion for modification of sentence under section 5—8—1(c) of the Unified Code of Corrections within 30 days of sentencing. In reaching that result we noted the mandatory nature of the language used in the provision at that time—permitting modification of sentence upon "order entered not later than 30 days from the date the sentence was imposed"—and invited action by the legislature to relax that stringent requirement. The statute has since been amended to permit a ruling on such a motion to be made "within a reasonable time" of the filing of the motion; the motion must still be made within 30 days of sentencing. See Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c).

Section 5—8—4(a) is not the only provision by which the legislature has purported to revest the circuit courts with jurisdiction over otherwise final judgments. (See, *e.g.,* Ill. Rev. Stat. 1985, ch. 37, par. 705—11(1) (allowing circuit court to terminate wardship of juvenile at any time); Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—2(c) (allowing circuit court to terminate defendant's probation or conditional discharge at any time); Ill. Rev. Stat. 1985, ch. 38, pars. 1005—7—2, 1005—7—7 (allowing circuit court to revoke sentence of periodic imprisonment at any time; circuit court retains jurisdiction over defendant and may reduce sentence); Ill. Rev. Stat. 1985, ch. 40, par. 510 (allowing post-judgment modifications of maintenance and support orders in dissolution of

marriage proceedings).) Those provisions reflect a considered judgment by the legislature that special circumstances may arise in which the interests of finality are lessened and the circuit court should be revested with jurisdiction over a previously determined matter. The subsequent imposition of a sentence in another jurisdiction is the type of circumstance that may warrant the expansion of the circuit court's jurisdiction. Indeed, in many cases the second sentence will not be imposed within 30 days of the Illinois judgment. We conclude that section 5—8—4(a) is a proper exercise of the authority of the legislature. The provision does not conflict with any of our own rules, nor does it encroach upon the inherent powers of the judiciary.

Having upheld the constitutionality of section 5—8—4(a), we determine that section 5—8—1(f) is also constitutional. In striking down the latter provision, the circuit court of Knox County, in denying defendant Thomas' application for credit for time served, relied solely on the appellate court's decision in *Bainter*. In light of our holding in this case, the circuit court's decision invalidating section 5—8—1(f) must also fail. We now consider the appropriate disposition of the two actions before us.

In cause No. 65362, the circuit judge denied Bainter's motions for modification of his Illinois sentence. The judge noted the Federal district court's intent that Bainter's Federal sentence be served consecutively to the previously imposed Illinois sentence. The circuit judge stated that "[i]t would be inappropriate for this court not to extend comity to the Federal court order." In his brief Bainter contends that the State circuit judge "merely rubber-stamped the Federal court's decision" without making his own independent evaluation. We disagree.

Section 5—8—4(a) empowers the circuit court to order that a previously imposed State sentence run concur-

rently with a subsequently imposed Federal sentence. The provision is discretionary. It does not require the judge to weigh any particular circumstances, nor does it compel the judge to enunciate specific findings in support of the ruling. Prior to ruling on defendant Bainter's sentencing motions, the court heard evidence and argument by counsel. It was well within the discretion of the court to order the sentences undisturbed, allowing them to run consecutively. Having reached that result, we need not determine here whether Bainter's motions for modification of sentence were untimely under the terms of section 5—8—4(a) because they were not made within 30 days of the time the Federal sentence was "finalized." The State presented this argument in the appellate court, but the question was not decided there.

Cause No. 65953, however, presents a different situation. There, Thomas presented a motion for modification of sentence under section 5—8—1(f) of the Unified Code of Corrections. The circuit judge denied the motion, relying on the appellate court's opinion in *Bainter*. The circuit judge did not provide an alternative ground for his decision, and therefore the cause must be remanded to that court for consideration of the merits of the motion.

*No. 65362 — Appellate court reversed;*
*circuit court affirmed.*
*No. 65953 — Judgment reversed;*
*cause remanded.*

JUSTICE CALVO took no part in the consideration or decision of this case.