# Illinois Official Reports

## Appellate Court

---

### *Curielli v. Quinn*, 2015 IL App (1st) 143511

---

| | |
|---|---|
| Appellate Court Caption | PETER CURIELLI, Plaintiff-Appellant, v. PATRICK QUINN, Governor of the State of Illinois; ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION; JAY STEWART, Director of Professional Regulation; MANUEL FLORES, Acting Secretary; REAL ESTATE ADMINISTRATION AND DISCIPLINARY BOARD; JILL D. JOHNSON, Real Estate Coordinator/Chairperson; JUDY HIGGINS STOWE, HAE D. PARK, CHRIS A. READ, JAMES SCHAID, SALVADOR J. LOPEZ, CAROL STRADER, SCOTT B. TOBAN, LINDA WALTON-TODD, WAYNE WILLIAMS, Board Members, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-14-3511 |
| Filed | August 4, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CH-27207; the Hon. Rita Mary Novak, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Law Offices of John Peter Curielli, P.C., of Barrington (Peter J. Curielli, of counsel), for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Nadine J. Wichern, Assistant Attorney General, of counsel), for appellees. |

JUSTICE LIU delivered the judgment of the court, with opinion. Presiding Justice Simon and Justice Pierce concurred in the judgment and opinion.


**OPINION**

¶ 1    Plaintiff, Peter Curielli, appeals an order of the circuit court of Cook County dismissing his verified complaint with prejudice pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2012)). On appeal, plaintiff contends that he sufficiently stated claims that section 20-20(a)(34) of the Real Estate License Act of 2000 (Act) (225 ILCS 454/20-20(a)(34) (West 2012)) violates the special legislation, equal protection, and separation of powers clauses of the Illinois Constitution. For the following reasons, we affirm.

¶ 2                           BACKGROUND

¶ 3    Plaintiff is a licensed attorney and real estate broker in the State of Illinois. The Illinois Department of Financial and Professional Regulation (Department) is the administrative agency responsible for licensing and disciplining real estate brokers in the state. According to a consumer complaint sent to the Department in 2013, plaintiff "acted as both an attorney and a broker in the same transaction" involving a residential property purchase, in violation of section 20-20(a)(34) of the Act. Following an investigation and an informal conference with plaintiff on November 13, 2013, the Department proposed a settlement: if plaintiff agreed to complete 12 hours of continuing education, he would receive a non-disciplinary order, which is not a public discipline and does not appear on the Department's website. Plaintiff declined the offer and asserted that section 20-20(a)(34) was unconstitutional. The Illinois Real Estate Administration and Disciplinary Board (Board) responded that it had to enforce the statute, as it was presumed constitutional.

¶ 4    On December 10, 2013, plaintiff filed suit seeking a declaration that section 20-20(a)(34) of the Act was unconstitutional. In count I, he claimed that section 20-20(a)(34) violated the special legislation clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 13) in that it gave "special treatment" to non-attorney real estate brokers who performed other services, such as appraising or inspecting, "by singly excluding duly licensed attorneys from the ability to also act as their clients' attorney on the same transaction." In count II, plaintiff raised a facial and as applied challenge to section 20-20(a)(34) under the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, § 1). He claimed that the Illinois legislature, in passing section 20-20(a)(34), usurped the Illinois Supreme Court's power to regulate the conduct of attorneys and granted to the Department the power to determine what constitutes the practice of law. Finally, in count III, plaintiff claimed that section 20-20(a)(34) violated the equal protection clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) in that it prevented him from acting as an attorney and a real estate broker in the same transaction.

¶ 5    On January 17, 2014, plaintiff filed an emergency petition for a temporary restraining order (TRO) "to prevent [defendants] from prosecuting [him] for violating 225 ILCS

20-20(a)(34)." At the hearing on the TRO, defendants noted that there was a question as to whether plaintiff was raising a facial or as applied challenge to section 20-20(a)(34). Plaintiff, referring to his separation of powers challenge, stated: "We're not arguing that it's as applied. We're saying that the General Assembly cannot legislate in this area. It's solely left up to the Supreme Court." He later reiterated that he was only raising a facial challenge to section 20-20(a)(34), saying: "We believe the statute is unconstitutional on its face. There's no set of facts that could arise where the General Assembly can tell a lawyer you cannot act as an attorney during this particular time period." The court ultimately denied plaintiff's request for a TRO.

¶ 6    On January 24, 2014, defendants filed a motion to dismiss the complaint pursuant to section 2-615 of the Code. Defendants argued that the Governor should be dismissed as a party because no claim was stated against him, and that section 20-20(a)(34) was constitutional on its face. With respect to plaintiff's special legislation claim, defendants argued that section 20-20(a)(34) did not discriminate in favor of any group because the statutory prohibition treats all real estate brokers who are also attorneys the same; in other words, *no* real estate broker is permitted to represent a client as both a broker and an attorney in the same transaction. They further argued that the statute does not create an arbitrary classification where it merely seeks to prevent a conflict of interest. As for plaintiff's separation of powers claim, defendants argued that it was well within the powers of the legislature to pass a statute regulating the conduct of a real estate broker. Further, they argued that the Department could determine whether plaintiff performed legal services, as opposed to brokerage services, "without invading judicial prerogative"; according to defendants, all the Department had to do was rely on the supreme court's decision in *Chicago Bar Ass'n v. Quinlan & Tyson, Inc.*, 34 Ill. 2d 116 (1966). Defendants also argued that the legislature's police power could reach the practice of law under certain circumstances as well. Lastly, with respect to plaintiff's equal protection challenge, defendants argued that section 20-20(a)(34) does not discriminate against any class and that it is rationally related to the government's interest in preventing the conflict of interest that arises when a person acts as both a real estate broker and an attorney in the same transaction.

¶ 7    In response, plaintiff argued that the Governor was a necessary and indispensible party and that section 20-20(a)(34) was unconstitutional. He maintained that defendants were "disingenuous" in arguing that section 20-20(a)(34) did not intrude on the supreme court's exclusive authority to regulate attorneys when, in fact, defendants acknowledged that the statute bars an attorney from using his or her license in the same transaction during which he is acting as a broker. He further argued that the broker-attorney classification was arbitrary in that "only attorneys are effectively disbarred while acting as a broker;" he points out that the statute does not prohibit non-attorney brokers from acting in another professional capacity in the same transaction. Finally, plaintiff claimed that he could not properly respond to charges brought under section 20-20(a)(34) in light of his ethical duty to maintain client confidences.

¶ 8    After defendants filed their reply, counsel for plaintiff withdrew his appearance. Two months later, on September 23, 2014, plaintiff appeared *pro se* at the hearing on defendants' motion to dismiss. During the hearing, defendants argued that plaintiff raised only a facial challenge, and did not assert an as applied challenge, to the statute.

¶ 9 On October 28, 2014, the court granted defendant's motion and dismissed the complaint, with prejudice, pursuant to section 2-615 of the Code.[1] In a written order, the court held that the Governor was not a proper party to the instant suit and that plaintiff could not "sustain the heavy burden of his facial challenge" to section 20-20(a)(34). With respect to plaintiff's special legislation claim, the court found that section 20-20(a)(34) did not confer a special right on a select group of people; rather, it "treat[ed] all similarly situated persons, all broker-attorneys, the same." The court found that section 20-20(a)(34) passed the rational basis test as well. Citing an Illinois State Bar Association (ISBA) advisory opinion and case authority from other jurisdictions, the court noted that there is a potential for a conflict of interest when an attorney acts as a broker in the same transaction; specifically, "the lawyer's financial interest in receiving the brokerage commission could cloud her independent judgment as a lawyer." The court found that "the conflict of interest concern created by such dual representation provides a reasonable justification for any particular burden imposed on broker-attorneys by the General Assembly." The court also noted that its "analysis with respect to the special legislation claim *** applie[d] to Plaintiff's argument that the statute violates the equal protection clause."

¶ 10 As for plaintiff's separation of powers claim, the court found that "[a]lthough the challenged provision tangentially touches upon attorney conduct, it does not unduly infringe on the Court's power to regulate the practice of law because it only regulates the practice of real estate brokers." To the extent the Department is required to determine whether a real estate broker has engaged in the practice of law, the court noted that the supreme court "has already established a clear test for whether a broker is acting as an attorney in a real estate transaction," (see *supra* ¶ 6 (citing *Chicago Bar Ass'n v. Quinlan & Tyson, Inc.*, 341 Ill. 2d 116 (1966))). The court found that plaintiff had failed to show that there were no circumstances in which section 20-20(a)(34) would be constitutional under the separation of powers clause. The court provided the example of a broker who has admitted that he acted as both an attorney and broker in the same transaction; in that case, the court found that the Department would not need to make any independent determination as to whether the broker's conduct constituted the practice of law. Ultimately, the court found that plaintiff could not "meet his burden to demonstrate that the Act is unconstitutional in all of its applications."

¶ 11 Plaintiff timely appealed. We thus have jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. May 30, 2008).

¶ 12                                                    ANALYSIS

¶ 13 Plaintiff contends that the court erred in dismissing his complaint with prejudice. He claims that he sufficiently pleaded claims that section 20-20(a)(34) violates the special legislation, equal protection, and separation of powers clauses of the Illinois Constitution. As explained below, we find section 20-20(a)(34) constitutional.

¶ 14 Section 20-20(a)(34) provides:

"(a) The Department may refuse to issue or renew a license, may place on probation, suspend, or revoke any license, reprimand, or take any other disciplinary or

_____

[1]The record shows that plaintiff did not request leave to amend his complaint at any time during the proceedings.

- 4 -

non-disciplinary action as the Department may deem proper and impose a fine not to exceed $25,000 upon any licensee or applicant under this Act or any person who holds himself or herself out as an applicant or licensee or against a licensee in handling his or her own property, whether held by deed, option, or otherwise, for any one or any combination of the following causes:

\* \* \*

(34) When a licensee is also an attorney, acting as the attorney for either the buyer or the seller in the same transaction in which the licensee is acting or has acted as a broker or salesperson." 225 ILCS 454/20-20(a)(34) (West 2012).

¶ 15                                            A. Standard of Review

¶ 16    "A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face." *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). "The question presented by a section 2-615 motion to dismiss is whether the allegations of the complaint, when taken as true and viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 499 (2009). Only when it is clearly apparent that no set of facts can be proved that would entitle plaintiff to relief will a cause of action be dismissed pursuant to section 2-615. *Pooh-Bah Enterprises, Inc.*, 232 Ill. 2d at 473. In ruling on a section 2-615 motion, we consider only those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions of record. *Id.* All well-pleaded facts and reasonable inferences to be drawn are accepted as true; however, mere conclusions of law or fact unsupported by specific factual allegations will be deemed insufficient. *Id.* We review *de novo* the court's ruling on a section 2-615 motion to dismiss. *Id.*

¶ 17    In reviewing the constitutionality of a statute, we presume that the challenged legislative enactment is constitutional. *Bernier v. Burris*, 113 Ill. 2d 219, 227 (1986). Indeed, it is our "duty to construe a statute in a manner that upholds its validity and constitutionality if such a construction is reasonably possible." *Kanerva v. Weems*, 2014 IL 115811, ¶ 34. The party raising a constitutional challenge to the statute has the burden of establishing a clear constitutional violation. *Bernier*, 113 Ill. 2d at 227.

¶ 18                                          B. Special Legislation Clause

¶ 19    Plaintiff initially argues that section 20-20(a)(34) violates the special legislation clause of the Illinois Constitution. He argues that the statute "creates a particular burden on broker-attorneys and that the circuit court erred in finding that the statute passes the rational basis test.

¶ 20    Defendants respond that the legislature created a general classification of brokers who are also attorneys "as part of regulating the real estate profession in order to protect the public." They argue that such a general classification was proper and did not constitute special legislation. Further, they argue that section 20-20(a)(34) is rationally related to a legitimate state interest: specifically, to protect citizens from the inherent conflict of interest that arises when a broker acts as both a broker and an attorney in the same transaction.

¶ 21    The special legislation clause of the Illinois Constitution prohibits the legislature from passing a "special or local law when a general law is or can be made applicable." Ill. Const. 1970, art. IV, § 13. "In short, it prohibits legislation which arbitrarily discriminates in favor of a select group." *Bilyk v. Chicago Transit Authority*, 125 Ill. 2d 230, 236 (1988). Our special legislation analysis involves a "dual inquiry." *Allen v. Woodfield Chevrolet, Inc.*, 208 Ill. 2d 12, 22 (2003). We must determine whether section 20-20(a)(34) discriminates in favor of a select group; and, if so, whether the classification the statute makes is arbitrary. *Id.* In doing so, we will apply the rational basis test because the statute does not implicate a fundamental right or suspect classification. *Id.* "Under this test, the statute is constitutional if the legislative classification is rationally related to a legitimate state interest." *Id.*

¶ 22    Plaintiff claims that section 20-20(a)(34) "gives special treatment to real estate brokers by singly excluding duly licensed attorneys from the ability to also act as their clients' attorney on the same transaction." Further, he claims that "the statute creates a particular burden on broker-attorneys" that other brokers of dual profession do not suffer. Essentially, plaintiff argues that section 20-20(a)(34) violates the special legislation clause because it treats a broker who practices law differently from other brokers. This does not satisfy our first inquiry. As the supreme court has noted, "laws will not be regarded as improper special legislation merely because they affect only one class of entities and not another." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 236 (2005). Rather, "the statute must confer on a person, entity, or class of persons or entities a special benefit or exclusive privilege that is denied to others who are similarly situated." *Id.* Here, plaintiff does not identify a single group that has received favorable treatment as a result of section 20-20(a)(34). It is undisputed that, under the statutory provision, *all* brokers who are not licensed to practice law may not act as an attorney during the transaction, and *all* lawyers who are not licensed under the Act may not provide services as a broker during the transaction. The services of each of these professions are distinct and separate, and the Act confers no special benefit to *any* broker who is also a licensed attorney. See *Chicago Bar Ass'n v. Quinlan & Tyson, Inc.*, 34 Ill. 2d 116, 119-23 (1966) (recognizing the differences between broker services and legal services during a real estate transaction).

¶ 23    Even if we were to find that section 20-20(a)(34) conferred a benefit on a specific group, we would still find the statute passed the rational basis test. Legislative classifications that benefit the general welfare are presumptively valid. *Bilyk*, 125 Ill. 2d at 236. The legislature is given broad latitude and discretion in drawing such classifications. *Id.* Thus, we will uphold a legislative classification "if any set of facts can be reasonably conceived which justify distinguishing the class to which the law applies from the class to with the statute is inapplicable." *Id.*

¶ 24    Here, we find that the legislature had a reasonable justification for prohibiting broker-attorneys from acting in dual capacities in any given transaction; the purpose of section 20-20(a)(34) is to protect the general public from representation that carries the potential for a conflict of interest. This goal is consistent with the very purpose of the statute itself, as expressed in its own preamble: "The intent of the General Assembly in enacting this statute is to evaluate the competency of persons engaged in the real estate business and to regulate this business for the protection of the public." 225 ILCS 454/1-5 (West 2012). As defendants correctly point out, an inherent conflict of interests arises in a transaction when a broker acts simultaneously as an attorney for the client, because the broker is entitled to a

- 6 -

commission "if a real estate transaction is successful," whereas, an attorney, in contrast, "has an obligation to protect his client's interests regardless of the success of the transaction." It can hardly be disputed that, frequently, the incentives prompting a broker to close the deal are not aligned with–and in fact may be in opposition to–the motivations of an attorney who has a duty to safeguard his client's interests. Although plaintiff argues that this potential conflict could have been addressed if the legislature had included a "consent after full disclosure" requirement, this is not our concern. "Whether the statute is wise or sets forth the best means to achieve the desired result are matters for the legislature, not the courts." *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 29. Even so, we find that the potential harm to a client that would result from a transaction in which a conflict of interests exists because the broker is incentivized to close the transaction for his own financial gain, at the same time that he is obligated to protect his client's financial interests, would not be automatically abated by full disclosure to the client. Because section 20-20(a)(34) was rationally related to a legitimate state interest, we find section 20-20(a)(34) constitutional.

¶ 25    Plaintiff contends that a statute passed "under the guise of protecting the public" is not necessarily related to a legitimate interest for purposes of satisfying the rational basis test. Essentially, he disputes the rational basis for the legislature's enactment of section 20-20(a)(34), because he disagrees that a nexus necessarily exists between a broker-attorney's services in a transaction and the state's interest in protecting consumers from a conflict of interests.[2] We disagree. We find that the legislature passed a statute that advances a legitimate state interest–protecting Illinois citizens from a potential conflict of interest that may adversely impact them. Because section 20-20(a)(34) is rationally related to this legitimate state interest, it does not violate the special legislation clause of the Illinois Constitution. The circuit court thus properly dismissed count I of plaintiff's complaint.

¶ 26                              C. Separation of Powers Clause

¶ 27    Plaintiff next argues that the court erred in dismissing count II of his complaint, which alleged that section 20-20(a)(34) violates the separation of powers clause of the Illinois Constitution. We must initially determine whether to treat plaintiff's claim as a facial or as applied challenge. There seems to be a bit of confusion, as plaintiff sought to raise both facial and as applied challenges in his complaint, but then later informed the court that he was only raising a facial challenge.

¶ 28    Defendants argue that we should only consider plaintiff's separation of powers claim as a facial challenge given that this is the position he took before the circuit court. It is well settled that "a party waives his right to complain of an error where to do so is inconsistent with the position taken by the party in an earlier court proceeding." (Internal quotation marks omitted.) *McMath v. Katholi*, 191 Ill. 2d 251, 255 (2000). Consequently, plaintiff abandoned any as applied challenge that he was originally seeking to make by informing the court that he was only challenging section 20-20(a)(34) on its face. Furthermore, we find "no discernable as-applied challenge in plaintiff's complaint." *Pooh-Bah Enterprises, Inc.*, 232

---

[2]In his reply brief, plaintiff presents an analogy that is highly offensive and repugnant. We strongly caution plaintiff to refrain from making such insensitive and inappropriate remarks in the future.

Ill. 2d at 473. Thus, we will consider plaintiff's separation of powers claim solely as a facial attack.

¶ 29    Article II, section 1, of the Illinois Constitution provides: "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." Ill. Const. 1970, art. II, § 1. The separation of powers doctrine "insure[s] that each of the three branches of government retains its own sphere of authority, free from undue encroachment by the other branches." *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 334 (2006). "The Illinois Supreme Court has consistently interpreted [article II, section 1] to mean that the *whole power* of two or more branches of the government shall not be compressed into a single branch of the government." (Emphasis in original.) *Van Harken v. City of Chicago*, 305 Ill. App. 3d 972, 977 (1999). The separation of powers doctrine "does not preclude every exercise of power by one branch of the government that requires actions normally exercised by another branch of the government." *Id.* To the contrary, " '[t]he separate spheres of governmental authority may overlap.' " *Id.* (quoting *McAlister v. Schick*, 147 Ill. 2d 84, 95 (1992)).

¶ 30    Our supreme court has stated:

> " 'The Constitution does not specifically delineate which powers are legislative, which are executive, and which are judicial. We have construed the concept of judicial power as including the adjudication and application of law [citation] and the procedural administration of the courts [citation]. The legislature, in turn, is vested with the power to enact laws. The legislature may not, however, enact laws that *unduly* infringe upon the inherent powers of the judiciary. [Citation.]' " (Emphasis added.) *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 68-69 (1992) (quoting *People v. Bainter*, 126 Ill. 2d 292, 302-03 (1989)).

¶ 31    Plaintiff claims that the legislature, in enacting section 20-20(a)(34), "usurped a judicial power that clearly belongs to the Illinois Supreme Court to regulate when an Illinois attorney can and cannot exercise his or her professional abilities." Contrary to plaintiff's claim, the legislature has not appropriated the supreme court's power to regulate lawyers who are licensed to practice law in Illinois. By enacting section 20-20(a)(34), the legislature has simply established regulatory safeguards in the real estate profession that will prevent brokers from representing a client as both legal counsel and a broker in the same transaction. The court's reasoning for finding that the statutory provision is rationally related to the State's legitimate interest in protecting the public is sound. We find no merit to plaintiff's claim that the legislature has usurped "judicial power" by regulating the practice of *real estate brokers*.

¶ 32    Plaintiff claims that the legislature has also impermissibly granted to the Department the ability to determine what constitutes the practice of law. He argues that, under section 20-20(a)(34), the Department must necessarily decide whether the broker has engaged in the practice of law. Because the power to determine what constitutes the practice of law belongs solely to the supreme court, he claims that the legislature has encroached upon judicial powers.

¶ 33    We find that plaintiff has failed to meet his burden of showing that section 20-20(a)(34) is unconstitutional on its face. "It is especially difficult to successfully mount a facial challenge to a statute." *Hill v. Cowan*, 202 Ill. 2d 151, 157 (2002). "The fact that a statute may operate invalidly under some circumstances is insufficient to establish facial invalidity;

a statute is facially unconstitutional only if '*no* set of circumstances exists under which [it] would be valid.' " (Emphasis in original and internal quotation marks omitted.) *Id.* (quoting *In re C.E.*, 161 Ill. 2d 200, 211 (1994)). A facial challenge fails if there is any situation in which the statute could be validly applied. *Id.*

¶ 34 Here, plaintiff has not shown that section 20-20(a)(34) is unconstitutional in all of its applications. While plaintiff claims that section 20-20(a)(34) could require the Department to determine whether a particular attorney's conduct constituted the practice of law, he fails to consider the situation identified by the circuit court where an attorney has admitted to acting as both a broker and an attorney in the same transaction. In that situation, the Department would not need to make any determination as to whether an attorney's conduct constituted the practice of law. Thus, there would be no possible separation of powers issue. Since section 20-20(a)(34) can be validly applied under the separation of powers clause, we find that the circuit court properly dismissed count II of plaintiff's complaint.

¶ 35 D. Equal Protection Clause

¶ 36 Plaintiff finally argues that the court erred in dismissing count III of his complaint, which alleged that section 20-20(a)(34) violates the equal protection clause of the Illinois Constitution. "The equal protection guarantee and the special legislation proscription of our constitution are generally judged by the same standard." *Big Sky Excavating, Inc.*, 217 Ill. 2d at 240. A challenge under either provision presents the question: "Is the statutory classification rationally related to a legitimate State interest?" *Bilyk*, 125 Ill. 2d at 236. We have already answered this question in the affirmative. Thus, plaintiff's equal protection claim fails. We find that the circuit court properly dismissed count III of plaintiff's complaint. Because all three counts of plaintiff's complaint were properly dismissed, we need not address the issue of whether the Governor was a necessary party to this lawsuit.

¶ 37 E. Leave to Replead

¶ 38 As a final matter, plaintiff argues that the court erred in dismissing his complaint with prejudice. He claims that the court should have given him the opportunity to file an amended complaint to address any insufficiencies, such as the lack of an adequate as applied challenge to section 20-20(a)(34).

¶ 39 "A complaint should be dismissed with prejudice under section 2-615 only if it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover." *Tucker v. Soy Capital Bank & Trust Co.*, 2012 IL App (1st) 103303, ¶ 17. Here, as discussed above, there is no set of facts under which section 20-20(a)(34) will be deemed facially unconstitutional under the special legislation, equal protection, or separation of powers clauses of the Illinois Constitution. While plaintiff claims that the court erred in dismissing his complaint with prejudice because he could have amended his complaint to successfully raise an as applied challenge to section 20-20(a)(34), he previously represented to the court and the parties that he only intended to raise a facial challenge. He therefore will not be heard now to complain that the court should have allowed him to amend his complaint with claims that he previously told the court that he did not intend to raise. See *McMath*, 191 Ill. 2d at 255 ("A party cannot complain of error which he induced the court to make or to which he consented."). We find no error in the court's decision to dismiss plaintiff's complaint with prejudice.

¶ 40    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 41    Affirmed.