(No. 36791.—

COURTESY MOTOR SALES *et al.,* Appellants, *vs.* DANIEL P. WARD, State's Attorney, *et al.,* Appellees.

*Opinion filed January 23, 1962.*

SCHAEFER, J., took no part.

SONNENSCHEIN, LAUTMANN, LEVINSON, RIESER, CARLIN & NATH, and RAYNOR & MITCHELL, both of Chicago,

(EARL E. POLLOCK, FREDERIC S. LANE, and DONALD A. MITCHELL, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and AUBREY KAPLAN, Assistant Attorneys General, and EDWARD J. HLADIS, Special Assistant State's Attorney, and THOMAS A. HETT, Assistant State's Attorney, of counsel,) for appellees.

SEYMOUR M. LEWIS, and JEROME F. DIXON, both of Chicago, for Chicago Automobile Trade Association and Illinois Automotive Trade Association, *amici curiae*.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Courtesy Motor Sales, Inc., an automobile dealer, and two of its employees brought suit in the superior court of Cook County to declare unconstitutional a statute prohibiting the sale of automobiles on Sunday, and to enjoin certain public officials charged with its enforcement. The superior court found the legislation valid and dismissed the complaint. Plaintiffs appeal. Pursuant to leave granted by this court the Chicago Automobile Trade Association and the Illinois Automotive Trade Association have filed a brief as *amici curiae* in which they urge validity.

The act in question, passed at the 1961 session of the General Assembly, is entitled "An Act to prohibit the selling, exchanging or bartering of motor vehicles on Sunday, and providing for the enforcement thereof." It is made a crime for any person to "keep open, operate or assist in keeping open or operating any place or premises or residences whether open or closed, for the purpose of buying, selling bartering or exchanging, or offering for sale, barter or exchange, any motor vehicle, whether new or used, on the

first day of the week, commonly called Sunday * * *." (Ill. Rev. Stat. 1961, chap. 121½, par. 282.) The plaintiff company does a large volume of business. It employs 333 persons, including 72 salesmen. Since May 1, 1948, when it began doing business, it has kept its showrooms open on Sundays.

Plaintiffs' principal contention is that the act denies equal protection of the laws, in violation of the fourteenth amendment to the United States constitution, and constitutes special legislation in contravention of section 22 of article IV of the Illinois constitution. It is argued that the statute arbitrarily singles out one group—sellers of motor vehicles—for a restriction not imposed on the sellers of any other commodity. Reliance is placed upon *Eden* v. *People,* 161 Ill. 296, which involved the validity of a statute prohibiting barbers from doing business on Sunday. The statute in the *Eden* case applied only to the barbering business, persons engaged in all other kinds of business being left free to open their places of business on Sunday if they chose to do so. This court held the act void as constituting an unlawful discrimination, saying "If the public welfare of the State demands that all business and all labor of every description, except works of necessity and charity, should cease on Sunday, the first day of the week, and that day should be kept as a day of rest, the legislature has the power to enact a law requiring all persons to refrain from their ordinary callings on that day. (Cooley's Const. Lim. 725.) All will then be placed on a perfect equality, and no one can complain of an unjust discrimination. But when the legislature undertakes to single out one class of labor harmless in itself, and condemn that and that alone, it transcends its legitimate powers, and its action cannot be sustained." The present legislation undertakes to single out the business of selling motor vehicles, a pursuit harmless in itself, and unless this business differs from others in a respect having

reasonable relation to the subject of the legislation, the *Eden* case is controlling.

We are not concerned here with comprehensive Sunday closing laws and the cases involving their validity under various constitutional restraints. What the plaintiffs complain of is the discrimination or inequality of treatment as between the automobile business and all others. This question is distinct from the question whether it is reasonable to prohibit Sunday labor *per se*, or to allow specified exceptions to such a general prohibition. Thus in *City of Marengo v. Rowland,* 263 Ill. 531, wherein an ordinance prohibiting barbering on Sunday was held void on the authority of the *Eden* case, this court observed that "there is a well marked difference between an ordinance which forbids all secular business on Sunday, with certain clearly defined and reasonable exceptions, from one which picks out one particular business and forbids it being exercised on Sunday but permits all other kinds of business." The question here, as in the *Eden* and *Rowland* cases, concerns the classification rather than the prohibition.

In acting to preserve Sunday as a day of rest, as in the promotion of other public objectives, legislative bodies may classify trades, occupations and businesses. But here, also, the classification must rest upon a reasonable basis. (*Pacesetter Homes, Inc. v. Village of South Holland,* 18 Ill.2d 247; *Humphrey Chevrolet, Inc. v. City of Evanston,* 7 Ill.2d 402; *City of Mt. Vernon v. Julian,* 369 Ill. 447.) Occupations and businesses must be classed "in accordance with their pertinence to the purpose in hand." The purpose of a Sunday closing law is to set apart Sunday as a day of rest. (See *Braunfeld v. Brown,* 366 U.S. 599, 6 L. ed. 2d 563; *Two Guys from Harrison-Allentown, Inc. v. McGinley,* 366 U.S. 582, 6 L. ed. 2d 551; *Gallagher v. Crown Kosher Super Market,* 366 U.S. 617, 6 L. ed. 2d 536; *McGowan v. Maryland,* 366 U.S. 420, 6 L. ed. 2d 393.) In upholding

the validity of a comprehensive Sunday ordinance this court has remarked that Sunday has been observed traditionally as a day on which the normal, nonessential, nonemergency activity of the business world ceases, and that legislative bodies may properly act to preserve the custom. (*Humphrey Chevrolet, Inc.* v. *City of Evanston,* 7 Ill.2d 402.) That the present legislation has the same general purpose, although expressed in terms of "health and welfare," may be inferred from its preamble. The preamble states "Whereas, the Sunday closing of motor vehicle establishments will in no way affect, directly or indirectly, the emergency physical or health requirements of the citizens of this State; and Whereas, it is very doubtful if any person would suffer immediate injury to his health and physical well being if motor vehicle establishments were closed on Sunday; and Whereas, the objectives of this Act, predicated upon economics, health and welfare factors are a legitimate concern of the State."

Does the classification made by the act, *i.e.,* the selling of motor vehicles as distinguished from the doing of other kinds of business, have a rational connection with preserving Sunday as a day of rest? Is the difference itself reasonably related to the public good upon which a Sunday closing law must be based? We think not. The need for observing Sunday as a day of rest is not unique to those engaged in selling automobiles, nor can we see any way in which the purpose of a Sunday law is promoted by prohibiting such activity that is not equally present in a prohibition of other businesses. This court has held, in the *Eden* and *Rowland* cases, that it is an unlawful discrimination to arbitrarily single out one occupation or business for the purpose of a Sunday closing law, and we find no reason why a different conclusion should be reached here. By our decision in the *Humphrey* case we upheld a comprehensive Sunday closing ordinance, finding that the exceptions thereto were sufficiently related to health and safety to

warrant separate treatment. We were careful to point out, however, that even a comprehensive law "must not unreasonably discriminate."

The statute in the case at bar applies not to business activity generally, with reasonable exceptions for emergency needs, but only to the sale of motor vehicles. We have been afforded no convincing reasons why persons engaged in this activity should be considered a class by themselves, for the purposes of a Sunday closing law. There is no distinction in the present respect which can justify singling them out as objects of special consideration at the hands of the lawmakers. As we observed in declaring void a Sunday law which applied only to barbering, "a law or ordinance applicable to a certain class or classes of citizens, to be constitutional must be based upon some substantial difference between the situation of such class or classes and other individuals or classes to which it does not apply." (*City of Marengo* v. *Rowland,* 263 Ill. 531, 536.) A similar conclusion must follow in the case at bar.

Defendants and the *amici* argue that the automobile sales industry has many characteristics which distinguish it from other businesses, that numerous aspects of modern life relating only to the automobile, its use, operation or sale have been the subject of special legislative attention, and that it would not be realistic to hold arbitrary legislation classifying motor vehicle dealers separately and apart from merchants in general. This argument misconceives the issue here. The question is not simply whether automobile dealers may be classified separately for the purpose of legislation. It is whether they may be classified separately for the purpose of a Sunday closing law.

As has been indicated, the basic purpose of Sunday closing laws is to "provide a uniform day of rest for all citizens." (*McGowan* v. *Maryland,* 366 U.S. 420, 6 L. ed. 2d 393, 410.) This is clearly a case "where a general law can be made applicable." The present statute, which singles out

only one activity or occupation to which this day of rest shall apply, is a special law within the meaning of section 22 of article IV of the Illinois constitution. It is therefore unconstitutional and void.

The superior court erred in dismissing the complaint. The decree is reversed and the cause is remanded with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE SCHAEFER took no part in the consideration or decision of this case.